IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADY A. MURPHY                                                                           PLAINTIFF

v.                                              Civil No. 4:20-cv-04026

PAROLE OFFICER TIFFANY DAVENPORT;
PAROLE OFFICER HEATH JAMES ROSS;
PAROLE OFFICER VINCENT GAMBLE;
JAILER BRITTNEY GILBERT; PAROLE
OFFICER JESSE DAVIS; and JAILER
LACIE GRACE                                                                             DEFENDANTS

## ORDER

Before the Court is the issue of preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  Plaintiff Brady A. Murphy filed this case *pro se* pursuant to 42 U.S.C. § 1983.  Under the PLRA, the Court is obligated to review complaints in civil actions in which a prisoner seeks redress from a governmental entity, officer, or employee.

### I.  BACKGROUND

Plaintiff filed his Complaint on March 24, 2020.  (ECF No. 1).  His application to proceed *in forma pauperis* was granted on April 8, 2020.  (ECF No. 9).  That same day, in response to this Court's order, Plaintiff filed an Amended Complaint to clarify his claims.  (ECF No. 7).  Plaintiff has named Tiffany Davenport, Heath James Ross, Vincent Gamble and Jesse Davis—all identified in the Amended Complaint as parole officers—and Brittney Gilbert and Lacie Grace—jailers at the Howard County Jail—as defendants.

Plaintiff describes Claim One as "like of probable cause."  (ECF No. 7, p. 4).  He states on December 12, 13, and 28, 2019, Defendants Davis, Gilbert and Grace were involved in a violation of his rights as follows, "I was lied on by these jailers which violated my 4th amendment like of probable cause, my 5th amendment denied me due process, my 8th amendment subject me to cruelty

which is also protected by my 14th amendment." *Id.* Plaintiff describes his official capacity claim for Claim One as follows, "the parole report is based on Arbartary theres no facts to support the Allegations just conjucture statements." *Id.* at p. 5.

Plaintiff describes Claim Two as "no verfyed facts". (ECF No. 7, p. 5). Plaintiff alleges on December 12, 13, and 28, 2019, Defendants Davenport, Ross and Gamble violated his constitutional rights because "a parole violation is suppose to be based on verfyed facts all that's in the report is arbartary Im doin a parole violation for its cruelty." *Id.* He describes his official capacity claim as follows, "I never was served an arrest warrant for terroristic threatening while in Howard County Jail I only received a parole warrant after I was violated Denial of Due Process". *Id.* at p. 6.

In Claim Three, Plaintiff alleges on December 12, 13, and 28, 2019, "my liberty was taken on 'hearsay.'" (ECF No. 7, p. 6). He identifies the name of each Defendant involved and the acts or omissions of Defendant(s) that form the basis for Claim Three as "Same." *Id.* Plaintiff describes his official capacity claim as "No factual bases for a violation Report just arbartary no charges of criminal libitily was ever filed I never received any criminal warrant." *Id.* at p. 10.

On pages 7-9 of the Amended Complaint, Plaintiff more fully describes his claims as follows:

> Plaintiff was arrested on the first 90 for absconding for his parole violation…January 6th his parole violation was started over on a Terroristic threatening charge that his rights were never read never finger printed or reseaved any paper work on the charge. It was all based on Arbartary and conjucture statements…No circuit warrent for terroristic threatening was ever issued …Lacie Grace, Jesse Davis, and Brittney Gilbert wrote false statements against Mr. Murphy and his liberty was revoked…

*Id.* Attached to the Amended Complaint is what appears to be a portion of a Probation Report setting forth statements, presumably provided by Defendants Gilbert, Davis, and Grace,

concerning several conditions which violated Plaintiff's parole (ECF No. 7, p. 11), and an Arkansas Community Correction Waiver of Revocation Hearing dated January 9, 2020, signed by Plaintiff and Defendant Ross. (ECF No. 7, p. 12).

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

### A.  Parole Revocation

Plaintiff's allegations regarding the revocation of his parole do not support any plausible claim upon which relief can be granted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United

States Constitution or by federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *See Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [plaintiff] had no protectable liberty interest in having defendants follow their hearing policy."). Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (stating that the first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Plaintiff does not have a constitutionally protected liberty interest in the possibility of parole, and thus, he cannot sustain a due process claim.[1] *Id.*

Likewise, Plaintiff's allegations that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated because the parole report lacked probable cause, was not based on verified facts, and contained "hearsay" evidence provided by Defendants Gilbert, Davis and Grace are insufficient to state a claim. Even if Plaintiff's Amended Complaint could somehow be construed to create a viable liberty interest, his claims are clearly an attack on the parole revocation proceedings themselves and his subsequent conviction. Plaintiff is barred from bringing such claims until his convictions are invalidated by the highest state court or in a federal *habeas* proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to section 1983 relating to the revocation hearing and his subsequent confinement. *See, e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas*

---

[1] The Court notes Plaintiff waived his right to a revocation hearing. (ECF No. 7, p. 12). Such a hearing would have been the proper vehicle to challenge the testimony of witnesses or other issues relating to the revocation of his parole.

*corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, Plaintiff's claims regarding his confinement resulting from the parole revocation hearing and the validity of the criminal charges fail to state cognizable claims under section 1983.

### B. Defendants Davenport, Ross, Gamble and Davis

Additionally, Plaintiff's parole officers, Defendants Davenport, Ross, Gamble and Davis, are immune from suit.  "[T]he extent of immunity accorded an official depends solely on the officials' function."  *Figg v. Russell*, 433 F.3d 593, 599 (8th Cir. 2006) (quoting *Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986)).  The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue.  *See Nelson*, 802 F.2d at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision; the decision was akin to function of police officer); *see also Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports).

In the instant case, Plaintiff has failed to describe what specific actions were taken by Defendants Davenport, Ross, Gamble, or Davis in the parole revocation process.  Even so, a review of the Amended Complaint and the attachments, construed liberally, demonstrate these Defendants, as parole officers, are entitled to either absolute immunity or qualified immunity.

### C. Official Capacity Claims

Plaintiff also sues Defendants in their official capacities.  Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated

5

against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Howard County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish liability on the part of Howard County under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged that any policy, practice, or custom of Howard County contributed to the alleged violation of his constitutional rights. Accordingly, Plaintiff's official capacity claims against Defendants fail as a matter of law. *See id.*

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants in both their individual and official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is DIRECTED to place a § 1915 strike flag on this case.**

**IT IS SO ORDERED**, this 17th day of April 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge